

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~ASSISTANT~~

**ATTORNEY GENERAL**

Hon. W. D. Bradfield, Chairman,
Texas Liquor Control Board,
Southern Methodist University
Dallas, Texas

Dear Sir:

Opinion No. O-1768
Re: Authority of Texas Liquor Control
Board to promulgate rule or regula-
tion that permits to sell intoxicat-
ing liquors will not be issued to
establishments "along the highways."

We have for acknowledgment your letter of December 13, 1939, wherein you request the opinion of this department upon the question whether the Texas Liquor Control Board may promulgate a rule or regulation that permits to sell beer, beer and wine, and distilled liquors will not be issued, and those issued will not be renewed, for the operation of such establishments "along the highways."

Practical difficulties confront us at the outset in comprehending the scope of your question. The sense in which you use the word "highways" is not apparent. If intended to refer only to State and Federal designated highways, will the rule comprehend only those portions thereof lying outside of incorporated cities or towns? If intended to apply only to State and Federal designated highways, and not to streets and roads or public ways generally, then, bearing in mind the fact that the rules of the Board must be reasonable and uniform in their operation, rather than arbitrary and discriminatory, what reasons exist for refusing permits along the State and Federal designated highways that do not apply with equal force to the refusal of permits on streets and public roads generally? What is meant by "along" the highways? Does the Board intend to establish a zone of territory abutting and extending back from the highways, in which territory permits to operate will not be granted?

These questions suggested by your inquiry serve to indicate the broad scope of the power which the Board asks if it may exercise.

Administrative boards may exercise only such authority as is conferred upon them by law in clear and unmistakable terms. A power will not be deemed given by implication or extended by inference. Commercial Standard Insurance Co. v. Board of Insurance Com'rs., 34 S. W. (2d) 343; McDonald v. American Fruit Growers Ass'n., 126 S. W. (2d) 83; Opinion No. O-1146, rendered by this department to Hon. Bert Ford, Administrator, Texas Liquor Control Board, under date of August 4, 1939.

The Legislature cannot grant to an administrative agency the power to make a law, though it may confer authority upon such an agency to fill out the details by which the administration of a complete law

enacted by the Legislature is effected, in accordance with standards or rules of conduct prescribed by the Legislature. Schechter Poultry Corpn. v. U. S., 295 U. S. 495, 79 L. Ed. 1570, and authorities therein cited.

The scope of the rule-making power conferred upon the Texas Liquor Control Board is to be measured by the foregoing rules. An exhaustive analysis of the provisions of the Act or an extended citation of and quotation from the numerous authorities upon this subject, would serve no useful purpose. It suffices to say that, upon a careful examination of the Act in the light of the rules stated, we find nothing which we construe as a grant to the Board by the Legislature of the power to exercise the broad authority necessary to support the validity of the proposed rule or regulation. It follows that the Board is without authority to deny or cancel a permit on the sole ground that the establishment to which it is issued will be operated "along the highway."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
R. W. Fairchild
Assistant

RWF:pbp:lm

APPROVED DEC 22, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE